UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ALONZO LAMAR HARRIS,

                              Plaintiff,

                                                          5:18-cv-1086
v.                                                        (DNH/TWD)

STEVEN B. YARBROUGH, et al.,

                              Defendants.
_____

APPEARANCES:

ALONZO LAMAR HARRIS
Plaintiff, *pro se*
18582
Cayuga County Jail
7445 County House Road
Auburn, New York 13021

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## ORDER AND REPORT-RECOMMENDATION

## I.     INTRODUCTION

         The Clerk has sent to the Court for review a civil rights complaint filed by *pro se* Plaintiff

Alonzo Lamar Harris, commenced under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named*

*Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), together with a renewed

application to proceed *in forma paupers* ("IFP Application").  (Dkt. Nos. 1, 5.[1])  Plaintiff, who is

presently confined at the Cayuga County Jail, has not paid the required filing fee.  Named as

Defendants are: A-Z Homes, LLC; American Title Service Agency, LLC; Associates Realty

---

[1] Plaintiff's initial IFP Application (Dkt. No. 2) was denied as incomplete and the case was
administratively closed on September 27, 2018.  (Dkt. No. 4.)

Company; Jolene Barrett; Brian Calley; Capital Fund, LLC; Amy Clarke; George Clarke; Cricket Corporation Office; Cricket Integrated Wood Components Inc.; Fed Ex Office; First Arizona Title Agency, LLC; Senator John Flanagan; David S. Gould; Charles Green, Sr.; Carl E. Heaster; Ron Herb; George Hildebrant; Akurn Johnson; Jubilee Parish; Amanda Kamp; John F. Kamp; Michael Levault; Lewis Brisbors Bisgard and Smith LLP; Mitch McConnel; John Moore; Redeem Christian Church of God; Chris Reynolds; Paul Ryan; H. Dana VanHee; Steven B. Yardbrough; and William Zimmer Law Offices.  (Dkt. No. 1 at 2.[2])  A review of the civil cover sheet indicates Plaintiff alleges, among other things, violations of his constitutional rights under the First, Fourth, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendments.  (Dkt. No. 1-3.)

Plaintiff states this action is related to *United States v. Alonzo Lamar Harris*, No. 3:17-CR-0254 (GTS).  *Id.*  The Court takes judicial notice that on October 4, 2018, following a jury trial in the Northern District of New York, the Hon. Glenn T. Suddaby, Chief U.S. District Judge, presiding, Alonzo Lamar Harris was found guilty of (1) Conspiracy to Possess with Intent to Distribute and to Distribute a Controlled Substance and (2) Conspiracy to Launder.  *See United States v. Alonzo Lamar Harris*, No. 3:17-CR-0254 (GTS), Dkt. No. 184.  Plaintiff is scheduled to be sentenced on February 6, 2019.  *Id.*, Dkt. No. 185.

## II.    IFP APPLICATION

A court may grant *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action.  28 U.S.C. § 1915(a)(1) (2006).  After reviewing Plaintiff's second IFP Application (Dkt. No. 5), the Court finds that Plaintiff meets this standard.  Plaintiff has also

---

[2]  Page references to documents identified by docket number are to the numbers assigned by the CM/ECF docketing system maintained by the Clerk's Office.

filed the inmate authorization form required in this District. (Dkt. No. 6.) Therefore, Plaintiff's second IFP Application (Dkt. No. 5) is granted.[3]

## II.     LEGAL STANDARD FOR INITIAL REVIEW

Having found that Plaintiff meets the financial criteria for commencing this case *in forma pauperis*, and because he seeks relief from a governmental entity or an officer or employee of a governmental entity, the sufficiency of the allegations set forth in his complaint must be considered in light of 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A.

Section 1915(e) directs that when a plaintiff is allowed to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Similarly, § 1915A directs that a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief can be granted; or . . . seeks monetary relief against a person who is immune

---

[3] The total cost for filing a civil action in this Court is $400.00, consisting of the civil filing fee of $350.00, *see* 28 U.S.C. § 1914(a), and an administrative fee of $50.00. Although an inmate who is granted *in forma pauperis* status is not required to pay the $50.00 administrative fee, he is required to pay, over time, the full amount of the $350.00 filing fee regardless of the outcome of the action. *See* 28 U.S.C. § 1915(b)(3). Plaintiff should also note that although his second IFP Application has been granted, Plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

from such relief." 28 U.S.C. § 1915A(b); *see also* Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (stating that both §§ 1915 and 1915A are available to evaluate prisoner *pro se* complaints).

In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "An action is frivolous when either: (1) the factual contentions are clearly baseless such as when the claims are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations and internal quotation marks omitted).

To survive dismissal for failure to state a claim, a complaint must plead enough facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir.), *cert. denied,* 513 U.S. 836 (1994) (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-harmed-me accusation." *Id*. (internal quotation marks and citation omitted). Allegations that "are so vague as to fail to give the defendants

adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

Where a plaintiff proceeds *pro se*, the pleadings must be read liberally and construed to raise the strongest arguments they suggest. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citation omitted). A *pro se* complaint should not be dismissed "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (citation and internal quotation marks omitted). An opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## III. DISCUSSION

When reviewing a complaint under 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A, courts are guided by applicable requirements of the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." *Hudson v. Artuz*, No. 95 Civ. 4768(JSR), 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995)). The statement should be short because "[u]nnecessary prolixity in a pleading places an

unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Salahuddin v. Cuomo*, 861 F.2d 40, 41-42 (2d Cir. 1998) (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1281, at 365 (1969)).

Rule 10 of the Federal Rules of Civil Procedure provides, in part:

> (b) Paragraphs; Separate Statements. A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial— must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b). The purpose of Rule 10 is to "provide an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" *Laspisa v. Citifinancial Does 1 to 20*, 269 F. Supp. 3d 11, 13 (N.D.N.Y. 2017) (citations omitted).

Upon review, Plaintiff's rambling 174-page complaint against 32 Defendants fails to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. With respect to the pleading requirements under Rule 8, the Second Circuit has stated as follows:

> When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial, *see* Fed. R. Civ. P. 12(f), or to dismiss the complaint. Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised. *See Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).

*Salahuddin*, 861 F.2d at 41-42. Such is the case here. The rambling complaint is confused, speculative, repetitive, argumentative, and, at times, unintelligible. Even more problematic,

however, is the apparent substance of this civil action and the relief requested.  For example, on

page 45, Plaintiff provides the following "summary" of the "grounds for relief:"

> Each Defendant # 1-32, has willfully engaged in numerous of government conspiracies, fraud and false instrument acts in the sole purpose defrauding 'Plaintiff' and United States leaving long line of 'paper trail' of duress, duress coercion, cohering, and entrapment evidence.
>
> Plaintiff, is being forced to stand criminal trial on a fabricated Indictment, Perjury, Retaliation Case.
>
> The United States Government and New York Informants is responsible for Endangering the Plaintiff Life, Liberty, Freedom, and endanger Plaintiff family and friends lives, just because government informants wanted to remain free.  In January 2015, they scheme a plan to attack the Plaintiff as a Government Pawn to target the U.S.-Mexico Border leaving the Plaintiff, Plaintiff family and friends in permanent harms way until debt is paid in full to Mexico Cartel members living in Mexico Borers. Conspiracy to commit Murder!

*Id*. at 45.[4]  On pages 97 and 98, Plaintiff lists the following claims:

> First Claim: Obstruction of Administration of Justice; Violating the Election in Compliance with an informal Justice Department policy of avoiding bringing prosecutions that could be seen a political and influence voters.
>
> Second Claim: Deprivation of Rights under the Fourth, Fifth, Sixth, Thirteenth, and Fourteenth Amendment; "First Amendment Right" to Privacy; Abuse Process; Malicious Prosecution, Conspiracy Inhouse; Illegal Search and Seizure, Retaliation.
>
> Third Claim: Hate Crimes US-Mexico Border; Endangerment; Equal Protection Law; Equal Protection Causes; Confrontation Clauses, Grand Jury Perjury Investigation; Media Slander; Libel; Slander, Defamation, Freedom of Speech, Eighth Amendment Torture!

(Dkt. No. 1 at 97.)

---

[4]  All text quoted from Plaintiff's complaint is unaltered.

Plaintiff's claims are "continued" on the following page:

> First Claim: Due Process of Rights, Double Jeopardy Clauses; Abuse of Public Office; Duress and Entrapment; Deaf Threats; Illegal Eavesdropping; Cricket Cellphone Store committed Internet Fraud, Forgery, False Instrument, Wire Fraud, Illegal Eavesdropping, Solicitation, Alternation of Instrument; Aiding and Abetting; Tainted Physical Evidence; First, Fourth, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendment; Manifest Injustice; Discovery, Privileged Communication, Privileges, Protection of Rights, Election Law.

> Second Claim: Conspiracy in Withholding Evidence; Denial of Rights to Confrontation Rights to Examination of Informants Integrated Wood Components, Inc., John F. Kamp; Amanda Kamp; Jolene Barret, Amy Clarke, during entire investigation mail fraud, bribery, extortion, legal ethics, professional conducts and Edward Reed exchange to committed perjury; concealing Integrating Complained, Inc. has 32 workers employed at company that touches all mail and handle all incoming and outcoming mail inhouse conspiracy.

> Third Claim: Intentional Infliction of Emotional Distress; Equal Protection Clauses of the Fourteenth Amendment; Warrantless Entry of Iphone; Illegal Search & Seizure.

*Id*. at 98.

In addition to significant monetary damages, Plaintiff seeks, *inter alia*, to be immediately released from custody. *Id*. at 97. However, to the extent Plaintiff seeks to be released from custody, "he can do so only on a properly submitted petition seeking a writ of habeas corpus, not in a Section 1983 action." *Keyes v. Juul*, 270 F. Supp. 2d 327, 330 (E.D.N.Y. 2003); *see generally Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973) (holding that habeas relief is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release from custody). Moreover, civil lawsuits may not be used to collaterally attack criminal convictions. *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck*, the Supreme Court held that:

> in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for harm caused by other actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87; *see also Praileau v. Fischer*, 930 F. Supp. 2d 383, 396 (N.D.N.Y. 2013) (stating "[u]nless, and until, the conviction is challenged and adjudicated" in the plaintiff's favor, the plaintiff's § 1983 claims are barred under *Heck*); *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief) . . . *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration") (emphasis in original).

Had Plaintiff filed a well-organized complaint of reasonable length, the Court would sort through Plaintiff's allegations one at a time against the named Defendants and address each in turn to determine whether Plaintiff had stated a cognizable claim under § 1983 and/or *Bivens*. To screen the complaint in its current state, however, "would be enormously wasteful of [the Court's] resources." *VTech Holdings Ltd. v. Pricewaterhousecoopers, LLP*, No. 03 Civ. 1413, 2003 WL 21756623, *1 (S.D.N.Y. July 30, 2003) (finding "nothing short and very little plain about" a complaint that was "113 pages and 179 numbered paragraphs in length, exclusive of exhibits and scores (perhaps hundreds) of separate subparagraphs"). Neither the Court nor a *properly* named Defendant should be required to expend the time, effort, and resources necessary to parse through Plaintiff's longwinded 174 page-complaint in order to determine what federal claims Plaintiff has plausibly alleged, if any, and which are not subject to *Heck*'s bar, if any.

Therefore, the Court recommends dismissing the complaint in its entirety without prejudice and with leave to amend consistent with the foregoing. *See, e.g.*, *Reddy v. Catone*, No. 5:13-cv-707 (MAD/ATB), 2014 WL 2611351, at *2 (N.D.N.Y. June 11, 2014) (dismissing 150 page complaint with 300 additional pages of exhibits for failure to comply with Rule 8) (collecting cases); *see also Jones v. Nat'l Commc'ns & Surveillance Networks*, 266 F. App'x 31, 32 (2d Cir. 2008) (affirming dismissal of a 58 page, single-spaced *pro se* complaint with 87 additional pages of attachments, alleging over 20 separate causes of action against more than 40 defendants for failure to meet the "short and plain statement" requirement of Rule 8); *Roberto's Fruit Market, Inc. v. Schaffer*, 13 F. Supp. 2d 390, 396 (E.D.N.Y. 1998) (dismissing a 108 page, 385 paragraph complaint for violating Rule 8 based on its finding that "the complaint [was] excessively long-winded and redundant"); *Infanti v. Scharpf*, No. 06CV 6552 (ILG), 2008 WL 2397607, at *2-3 (E.D.N.Y. June 10, 2008) (dismissing a 90 page complaint comprised of over 500 paragraphs for running afoul of Rule 8's requirements); *Bell v. Lasaceli*, No. 08-CV-0278A, 2009 WL 1032857, at *2 (W.D.N.Y. Apr. 15, 2009) (dismissing a 200 page *pro se* complaint naming 42 defendants for noncompliance with Rule 8). The Court takes no position at this time on the merits of any such amended complaint.

**ACCORDINGLY**, it is hereby

**ORDERED** that Plaintiff's second IFP Application (Dkt. No. 5) is **GRANTED**; and it is further

**ORDERED** that the Clerk shall provide the Superintendent of the facility that Plaintiff has designated as his current location with a copy of Plaintiff's inmate authorization form (Dkt. No. 6), and notify that official that Plaintiff has filed this action and is required to pay to the

Northern District of New York the entire statutory filing fee of $350 in installments, over time, pursuant to 28 U.S.C. § 1915; and it is further

**ORDERED** that the Clerk shall provide a copy of Plaintiff's inmate authorization form (Dkt. No. 6) to the Financial Deputy of the Clerk's Office; and it is further

**RECOMMENDED** that Plaintiff's complaint (Dkt. No. 1) be *sua sponte* **DISMISSED without prejudice and with leave to amend** on initial review for failure to comply with the Federal Rules of Civil Procedure and pursuant to 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A; and it is further

**ORDERED** that the Clerk serve a copy of this Order and Report-Recommendation on Plaintiff, along with a copy of the unpublished decisions cited herein in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[5]  Such objections shall be filed with the Clerk of the Court.  <u>**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**</u>.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72, 6(a).

Dated: December 7, 2018
        Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

---

[5]  If you are proceeding *pro se* and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).

1998 WL 832708
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.

Theodore HUDSON, Plaintiff,

v.

Christopher ARTUZ, Warden Philip
Coombe, Commissioner Sergeant
Ambrosino Doctor Manion Defendants.

No. 95 CIV. 4768(JSR).
|
Nov. 30, 1998.

**Attorneys and Law Firms**

Mr. Theodore Hudson, Great Meadow Correctional
Facility, Comstock.

Alfred A. Delicata, Esq., Assistant Attorney General,
New York.

MEMORANDUM AND ORDER

BUCHWALD, Magistrate J.

**\*1** Plaintiff Theodore Hudson filed this *pro se* action
pursuant to 42 U.S.C. § 1983 on April 26, 1995.
Plaintiff's complaint alleges defendants violated his
constitutional rights while he was an inmate at Green
Haven Correctional Facility. [1] Plaintiff's complaint was
dismissed *sua sponte* by Judge Thomas P. Griesa on June
26, 1995 pursuant to 28 U.S.C. § 1915(d). On September
26, 1995, the Second Circuit Court of Appeals vacated the
judgment and remanded the case to the district court for
further proceedings.

[1]   Plaintiff is presently incarcerated at Sullivan
      Correctional Facility.

The case was reassigned to Judge Barbara S. Jones
on January 31, 1996. Defendants moved to dismiss the
complaint pursuant to Fed.R.Civ.P. 12(c) on November
25, 1996. Thereafter, the case was reassigned to Judge Jed
S. Rakoff on February 26, 1997. On February 26, 1998,
Judge Rakoff granted defendants' motion to dismiss, but
vacated the judgment on April 10, 1998 in response to
plaintiff's motion for reconsideration in which plaintiff

claimed that he never received defendants' motion to
dismiss.

By Judge Rakoff's Order dated April 14, 1998, this case
was referred to me for general pretrial purposes and
for a Report and Recommendation on any dispositive
motion. Presently pending is defendants' renewed motion
to dismiss. Plaintiff filed a reply on July 6, 1998. For the
reasons discussed below, plaintiff's complaint is dismissed
without prejudice, and plaintiff is granted leave to replead
within thirty (30) days of the date of the entry of this order.

FACTS

Plaintiff alleges that he was assaulted by four inmates
in the Green Haven Correctional Facility mess hall on
March 14, 1995. (Complaint at 4.) He alleges that he
was struck with a pipe and a fork while in the "pop
room" between 6:00 p.m. and 6:30 p.m. (Complaint at
4–5.) Plaintiff contends that the attack left him with
11 stitches in his head, chronic headaches, nightmares,
and pain in his arm, shoulder, and back. (*Id.*) Plaintiff
also states that Sergeant Ambrosino "failed to secure
[the] area and separate" him from his attackers. (Reply
at 5.) Plaintiff's claim against Warden Artuz is that
he "fail [sic] to qualify as warden." (Complaint at 4.)
Plaintiff names Commissioner Coombes as a defendant,
alleging Coombes "fail [sic] to appoint a qualified warden
over security." (Amended Complaint at 5.) Plaintiff
further alleges that Dr. Manion refused to give him pain
medication. (Complaint at 5.) Plaintiff seeks to "prevent
violent crimes" and demands $6,000,000 in damages.
(Amended Complaint at 5.)

Defendants moved to dismiss the complaint, arguing
that: (1) the Eleventh Amendment bars suit against
state defendants for money damages; (2) the plaintiff's
allegations fail to state a claim for a constitutional
violation; (3) the defendants are qualifiedly immune from
damages; and (4) plaintiff must exhaust his administrative
remedies before bringing this suit.

DISCUSSION

I find that plaintiff's complaint runs afoul of Rules 8 and
10 of the Federal Rules of Civil Procedure and dismiss
the complaint without prejudice and with leave to amend.

Federal Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The purpose of this Rule "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." *Powell v. Marine Midland Bank,* 162 F.R.D. 15, 16 (N.D.N.Y.1995) (quoting *Brown v. Califano,* 75 F.R.D. 497, 498 (D.D.C.1977)); *see Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir.1988) (stating that the "principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial").

**\*2** Rule 10 of the Federal Rules of Civil Procedure requires, *inter alia,* that the allegations in a plaintiff's complaint be made in numbered paragraphs, each of which should recite, as far as practicable, only a single set of circumstances. *Moore's Federal Practice,* Vol. 2A, ¶ 10.03 (1996). Rule 10 also requires that each claim upon which plaintiff seeks relief be founded upon a separate transaction or occurrence. *Id.* [2] The purpose of Rule 10 is to "provide an easy mode of identification for referring to a particular paragraph in a prior pleading." *Sandler v. Capanna,* 92 Civ. 4838, 1992 WL 392597, \*3 (E.D.Pa. Dec.17, 1992) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure,* § 1323 at 735 (1990)).

[2] Rule 10 states:

(b) Paragraphs; Separate Statements. All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings. Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth.

A complaint that fails to comply with these pleading rules "presents far too heavy a burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of" a plaintiff's claims. *Gonzales v. Wing,* 167 F.R.D. 352, 355 (N.D.N.Y.1996). It may therefore be dismissed by the court. *Id.; see also Salahuddin v. Cuomo,* 861 F.2d at 42 ("When a complaint does not comply with the

requirement that it be short and plain, the court has the power to, on its own initiative, ... dismiss the complaint"). Dismissal, however, is "usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Id.* In those cases in which the court dismisses a *pro se* complaint for failure to comply with Rule 8, it should give the plaintiff leave to amend when the complaint states a claim that is on its face nonfrivolous. *Simmons v. Abruzzo,* 49 F.3d 83, 87 (2d Cir.1995).

In determining whether a nonfrivolous claim is stated, the complaint's allegations are taken as true, and the "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v.. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The complaint of a *pro se* litigant is to be liberally construed in his favor when determining whether he has stated a meritorious claim. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Even if it is difficult to determine the actual substance of the plaintiff's complaint, outright dismissal without leave to amend the complaint is generally disfavored as an abuse of discretion. *See Salahuddin,* 861 F.2d at 42–42; *see also Doe v. City of New York,* No. 97 Civ. 420, 1997 WL 124214, at \*2 (E.D.N.Y. Mar.12, 1997).

Here, plaintiff's *pro se* complaint fails to satisfy the requirements of Federal Rules 8 and 10. The complaint is often illegible and largely incomprehensible, scattering what appear to be allegations specific to plaintiff within a forest of headnotes copied from prior opinions. Defendants have answered with a boilerplate brief, which is perhaps all a defendant can do when faced with such a complaint. The Court is left with an insurmountable burden in attempting to make a reasoned ruling on such muddled pleadings.

**\*3** Although plaintiff's complaint is substantially incomprehensible, it appears to plead at least some claims that cannot be termed frivolous on their face. For example, plaintiff clearly alleges that inmates assaulted him and that Dr. Manion refused to provide him medical attention. He also appears to assert that Sergeant Ambrosino failed to protect him from the attack or take steps to prevent future attacks. (Plaintiff's Reply at 5). It is well established that an inmate's constitutional rights

are violated when prison officials act with deliberate indifference to his safety or with intent to cause him harm. *Hendricks v. Coughlin,* 942 F.2d 109 (2d Cir.1991). It is similarly well established that an inmate's constitutional rights are violated when a prison doctor denies his request for medical care with deliberate indifference to the inmate's serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Hathaway v. Coughlin,* 37 F.3d 63 (2d Cir.1994), *cert. denied,* 513 U.S. 1154, 115 S.Ct. 1108, 130 L.Ed.2d 1074 (1995). Although plaintiff provides few facts to support his allegations, I disagree with defendants' assertion that outright dismissal is appropriate because it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Defendant's Memorandum at 5 (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

Because plaintiff's complaint does not comply with Rules 8 and 10, it is hereby dismissed without prejudice, and plaintiff is granted leave to replead within thirty (30) days of the date of the entry of this Order. In drafting his second amended complaint, plaintiff is directed to number each paragraph and order the paragraphs chronologically, so that each incident in which he alleges a constitutional violation is described in the order that it occurred. Plaintiff is also directed to specifically describe the actions of each defendant that caused plaintiff harm, and to do so in separate paragraphs for each defendant. Plaintiff's complaint shall contain the facts specific to the incidents plaintiff alleges occurred, and not any facts relating to any case that has been decided previously by a court of law. Plaintiff's complaint shall also contain a clear statement of the relief he seeks in addition to monetary damages.

CONCLUSION

For the reasons set forth above, plaintiff's complaint is dismissed without prejudice, and plaintiff is granted leave to replead within thirty (30) days of the date of the entry of this Order.

IT IS SO ORDERED.

**All Citations**

Not Reported in F.Supp.2d, 1998 WL 832708

---

 © 2018 Thomson Reuters. No claim to original U.S. Government Works.

 © 2018 Thomson Reuters. No claim to original U.S. Government Works.

2003 WL 21756623
Only the Westlaw citation is currently available.
United States District Court,
S.D. New York.

VTECH HOLDINGS LIMITED, et al., Plaintiffs,

v.

PRICEWATERHOUSECOOPERS, LLP, Defendant.

No. 03 Civ. 1413(LAK).
|
July 30, 2003.

**Synopsis**
Acquirers of portion of corporation's consumer telephone business sued accounting firm hired to assist acquirers in integrating acquisition into their business, asserting claims for breach of fiduciary duty, aiding and abetting corporation's alleged fraud, breach of warranty, breach of contract, fraud, and accounting malpractice. Firm moved to dismiss. The District Court, Kaplan, J., held that: (1) complaint did not comply with rule setting forth general pleading requirements; (2) complaint did not comply with rule requiring that circumstances of fraud be pleaded with particularity; and (3) interests of justice were best served by dismissing complaint with leave to replead.

Motion granted.

West Headnotes (3)

**[1]**    **Accountants**

Actions

Complaint against accounting firm did not comply with rule requiring short and plain statement of claim showing pleader's entitlement to relief where complaint was 113 pages and 179 numbered paragraphs in length, exclusive of exhibits and scores of separate subparagraphs, was somewhat disorganized and often conclusory, and was verbose and repetitious, using various stock phrases that conveyed no new meaning. Fed.Rules Civ.Proc.Rule 8(a), 28 U.S.C.A.

4 Cases that cite this headnote

**[2]**    **Federal Civil Procedure**

Fraud, mistake and condition of mind

Complaint in which business acquirers sued accounting firm for, inter alia, fraud did not comply with rule requiring that circumstances of fraud be alleged with particularity, inasmuch as it was unclear what, if any, statements firm was alleged to have made, by whom or when statements were made, and what, precisely, was incorrect about statements. Fed.Rules Civ.Proc.Rule 9(b), 28 U.S.C.A.

Cases that cite this headnote

**[3]**    **Federal Civil Procedure**

Conspiracy and fraud, actions involving
**Federal Civil Procedure**

Pleading over

Interests of justice were best served by dismissing complaint with leave to replead when complaint, which was 113 pages and 179 numbered paragraphs in length, exclusive of exhibits and separate subparagraphs, failed to comply both with rule requiring complaint to contain short and plain statement of claim showing pleader's entitlement to relief and rule requiring circumstances of fraud to be pleaded with particularity, inasmuch as it would be enormously wasteful of judicial resources upon which other litigants had equal call for court to sort through complaint's allegations and address each, as it would have done had plaintiffs filed well-organized complaint of reasonable length. Fed.Rules Civ.Proc.Rules 8(a), 9(b), 28 U.S.C.A.

2 Cases that cite this headnote

ORDER

KAPLAN, J.

**\*1** On or about March 31, 2000, plaintiffs acquired for $121,266,000 a part of the consumer telephone

business of Lucent Technologies, Inc. ("Lucent"). Shortly before closing on that purchase, it hired defendant PriceWaterhouseCoopers, LLP ("PwC") to help integrate the acquisition into its business. Plaintiffs subsequently came to the conclusion that they had been defrauded in the transaction. They sued Lucent in another action in this Court entitled *VTech Holdings Ltd. v. PriceWaterhouseCoopers, LLP,* No. 01 Civ. 0612(JGK), which subsequently was settled. They here sue PwC for breach of fiduciary duty, aiding and abetting alleged fraud by Lucent, breach of warranty, breach of contract, fraud, and accounting malpractice. The gist of the action appears to be that PwC is at least partly responsible for plaintiffs' unsuccessful acquisition on the theory that it misrepresented and withheld material information about the acquired business during the period immediately prior to the closing and that it aided and abetted Lucent's alleged fraud. PwC moves to dismiss on the ground that the complaint fails to allege fraud with particularity or to state a claim upon which relief may be granted.

**[1]** The complaint in this action is 113 pages and 179 numbered paragraphs in length, exclusive of exhibits and scores (perhaps hundreds) of separate subparagraphs. It is in some degree disorganized. It is verbose and repetitious, repeating endlessly various stock phrases that convey no new meaning. Despite its enormous length and an overabundance of detail, it often its quite conclusory.

Rule 8(a) requires that a complaint "contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Certainly there is nothing short and very little plain about this complaint.

**[2]** Rule 9(b) in turn requires that the circumstances constituting an alleged fraud be alleged with particularity. In order to satisfy this requirement, "a plaintiff should specify the time, place, speaker, and content of the alleged misrepresentations." *Luce v. Edelstein,* 802 F.2d 49, 54 (2d Cir.1986). Further, the pleading must assert facts from which a strong inference of fraud may be drawn. *E.g., Chill v. General Electric Co.,* 101 F.3d 263, 267 (2d Cir.1996); *San Leandro Emergency Medical Group Profit Sharing Plan v. Philip Morris Cos.,* 75 F.3d 801, 812 (2d Cir.1996); *Shields v. Citytrust Bancorp, Inc.,* 25 F.3d 1124, 1128 (2d Cir.1994). "A strong inference of fraudulent intent is made out 'either (a) by alleging

facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." ' *First Capital Asset Mgmt., Inc. v. Brickelbush,* 50 F.Supp.2d 624, 632 (S.D.N.Y.2001) (quoting *Hallwood Realty Partners v. Gotham Partners, L.P.,* 95 F.Supp.2d 169, 174 (S.D.N.Y.2000) (in turn quoting *Shields v. Citytrust Bancorp, Inc.,* 25 F.3d 1124, 1128 (2d Cir.1994)).

**\*2** This complaint fails in many respects to comply with Rule 9(b). It is not clear exactly what if any statements PwC is alleged to have made, let alone when and by whom and what precisely was incorrect. If the complaint alleges facts giving rise to a strong inference of fraudulent intent with respect to any of the matters complained of on a fraud theory, which is questionable, it certainly does not do so with respect to all such matters.

There are still other problems, several of which are alluded to in the motion papers.

**[3]** Had plaintiffs filed a well organized complaint of reasonable length, the Court would sort through its allegations one at a time and address each. To do so in this context, however, would be enormously wasteful of resources upon which other litigants have an equal call. In all the circumstances, the interests of justice would be served best by dismissing the complaint with leave to replead.

The complaint is dismissed on the ground that it fails to comply with Rule 8(a) and 9(b). Plaintiffs may file an amended complaint, no later than August 30, 2003. Any amended complaint shall be organized properly, shall contain no evidentiary allegations except to the extent necessary to comply with Rule 9(b) or requirements of substantive law, and shall clearly set forth exactly what misrepresentations or omissions are attributed to PwC, when they were made or occurred, and by whom in addition to satisfying all other applicable requirements.

SO ORDERED.

**All Citations**

Not Reported in F.Supp.2d, 2003 WL 21756623

© 2018 Thomson Reuters. No claim to original U.S. Government Works.

2014 WL 2611351
Only the Westlaw citation is currently available.
United States District Court,
N.D. New York.

Deepika REDDY, Plaintiff,

v.

Louis J. CATONE, in his official capacity as Director
of the Office of Professional Discipline, of the
New York State Education Department and in
his individual capacity; Donald T. Sheridan,
in his official capacity as Professional member
of the New York State Board of Dentistry and
in his individual capacity; Robert E. Parker,
DDS, in his individual capacity; Richard Konys,
Jr., in his individual capacity, Defendants.

No. 5:13–CV–707 (MAD/ATB).
|
Signed June 11, 2014.

**Attorneys and Law Firms**

Gilles R.R. Abitbol, Esq., Gilles R. Abitbol, Esq., of
Counsel, Phoenix, NY, for Plaintiff.

Office of the New York State Attorney General, Gregory
J. Rodriguez, AAG, of Counsel, Albany, NY, for
Defendants.

## MEMORANDUM–DECISION AND ORDER

MAE A. D'AGOSTINO, District Judge.

## I. INTRODUCTION

**\*1** Plaintiff, a dentist licensed to practice in the
State of New York, commenced this action on June
19, 2013. Plaintiff alleges that Defendants improperly
subjected her to disciplinary proceedings and thereby
violated the United States Constitution and New York
State Constitution, causing her economic, emotional,
and reputational harm. Plaintiff seeks injunctive relief,
declaratory judgments, and monetary damages. *See*
Dkt. No. 1 ("Complaint"). Presently before the Court
is Defendants' motion to dismiss Plaintiff's Complaint

pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6). Dkt. No.
9. Plaintiff has opposed the motion. Dkt. No. 17.

## II. DISCUSSION

Defendants raise a number of arguments in support
of their motion to dismiss Plaintiff's Complaint in its
entirety. Defendants first argue that the Court lacks
subject matter jurisdiction with respect to nearly all
of Plaintiff's claims by virtue of the *Rooker–Feldman*
doctrine, which prohibits federal review of state court
judgments. Defendants note that Plaintiff unsuccessfully
challenged a procedural aspect of the state disciplinary
proceedings against her, pursuant to Article 78 of the New
York C.P.L.R., and thus contend that she is prohibited
from seeking federal court review of the state court's
determination. Similarly, Defendants also argue that
this Court must give the state court decision preclusive
effect and that Plaintiff is thereby collaterally estopped
from attacking that decision. Defendants next argue
that Plaintiff's complaint fails to state a claim under
any of the following theories: Fourteenth Amendment
procedural due process (including her "stigma-plus"
claims), Fourteenth Amendment equal protection, Fourth
Amendment search and seizure, and 42 U.S.C. §§ 1983
and 1985 conspiracy. In addition, Defendants contend
that Plaintiff's state law claims should be dismissed
on the merits or, should the Court dismiss each of
Plaintiff's federal law claims, that the Court should
decline to exercise supplemental jurisdiction over the state
law claims. Defendant Cantone also seeks dismissal of
Plaintiff's first and second causes of action against him
for lack of any allegations of his personal involvement.
Finally, Defendants assert that the Complaint should
be dismissed for failing to set forth a short and plain
statement of the claims, as required under Rule 8 of the
Federal Rules of Civil Procedure.

### A. Federal Rule of Civil Procedure 8

With respect to the pleading requirements under Rule 8 of
the Federal Rules of Civil Procedure, the Second Circuit
has stated as follows:

Rule 8 provides that a complaint "shall contain ... a
short and plain statement of the claim showing that
the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).
The statement should be plain because the principal
function of pleadings under the Federal Rules is to give

the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial. *See, e.g., Geisler v. Petrocelli,* 616 F.2d 636, 640 (2d Cir.1980); 2A Moore's Federal Practice ¶ 8.13, at 8–61 (2d ed.1987). The statement should be short because "[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." 5 C. Wright & A. Miller, Federal Practice and Procedure § 1281, at 365 (1969).

**\*2** When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial, *see* Fed.R.Civ.P. 12(f), or to dismiss the complaint. Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised. *See Gillibeau v. City of Richmond,* 417 F.2d 426, 431 (9th Cir.1969). When the court chooses to dismiss, it normally grants leave to file an amended pleading that conforms to the requirements of Rule 8. *See generally* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1281, at 366–67; 2A Moore's Federal Practice ¶ 8.13, at 8–81 to 8–82 n. 38.

*Salahuddin v. Cuomo,* 861 F.2d 40, 41–42 (2d Cir.1998).

In the present matter, Plaintiff's Complaint contains more than 400 paragraphs (exclusive of subparagraphs) spanning over 150 pages of text. Attached to the Complaint is a set of exhibits totaling approximately 300 additional pages. The Complaint is also replete with gratuitous allegations, *e.g.,* Complaint ¶ 210 ("It is not by magic that Mr. Catone affects the consent order to the vitiated proceedings, he actually interprets the law by giving an opportunity to settle on by resolving the other.... If the summary suspension procedure was dropped, what is the legal paper, the legal document that proves that the action was discontinued?"), speculative assertions, *e.g., id.* ¶¶ 92, 187 ("The only conclusion that we can establish because of difference of dates is that Dr. Parker's affidavit was prepared by the prosecuting attorney's office and submitted to Dr. Parker for signature"), and legal argument, *e.g., id.* ¶ 175 ("If every complaint addressed directly to the board of regents ends up in the hands of the director of the office of professional discipline and is automatically requalified by the perpetrator of

the violations of the Law, then the whole process which establishes the control of the Board of regents as to the respect of due process is deprived of its own reason to exist").

In short, Plaintiff's Complaint fails to adhere to the requirements under Rule 8 that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "[e]ach allegation must be simple, concise, and direct." Fed.R.Civ.P. 8(a)(2), (d)(1). The Court declines to undertake the exercise of striking each of the redundant and/or immaterial allegations. Even if the Court were to attempt to strike all offending paragraphs and counts, the remainder of the Complaint would still suffer from the same infirmities that the Court noted above. As such, the Complaint is dismissed in its entirety without prejudice. *See Salahuddin,* 861 F.2d at 43 (affirming the dismissal of a complaint under Rule 8 that "span[ned] 15 single-spaced pages" and "contain[ed] a surfeit of detail" with "explicit descriptions of 20–odd defendants, their official positions, and their roles in the alleged denials of [the plaintiff's] rights"); *Blakely v. Wells,* 209 Fed. Appx. 18 (2d Cir.2006) (finding that "the District Court acted within the bounds of permissible discretion" in dismissing the plaintiff's complaint, "which spanned 57 pages and contained 597 numbered paragraphs"); *Hill v. Griffin,* No. 10–CV–6419, 2013 WL 1866861, \*3 (W.D.N.Y. May 2, 2013) (holding that the plaintiff's 229–paragraph and 76 page complaint "falls far short of satisfying F.R.C.P. 8's directives"); *Infanti v. Scharpf,* No. 06 CV 6552, 2008 WL 2397607, \*2 (E.D.N.Y. June 10, 2008) (dismissing complaint which "spans 90 pages, consists of 500 numbered paragraphs and 27 counts, and references 124 pages of exhibits"); *VTech Holdings Ltd. v. Pricewaterhousecoopers, LLP,* No. 03 Civ. 1413, 2003 WL 21756623, \*1 (S.D.N.Y. July 30, 2003) (finding "nothing short and very little plain about" a complaint that was "113 pages and 179 numbered paragraphs in length, exclusive of exhibits and scores (perhaps hundreds) of separate subparagraphs"); *Glasheen v. City of Albany,* No. 98–CV1503, 1999 WL 1249409 (N.D.N.Y. Dec. 16, 1999) (dismissing the plaintiff's complaint, which "consist[ed] of 445 paragraphs in 74 pages, [and was] rife with irrelevant information and prolix in the extreme").

**\*3** As noted above, Defendants have raised a number of additional problems with Plaintiff's complaint, which Defendants contend warrant dismissal. "Had [Plaintiff]

filed a well organized complaint of reasonable length, the Court would sort through it allegations one at a time and address each. To do so in this context, however, would be enormously wasteful of resources upon which other litigants have an equal call." *VTech Holdings, 2003 WL 21756623, \*2.* Under these circumstances, the Court finds that the interests of justice would be best served by dismissing the Complaint with leave to replead. Should Plaintiff elect to replead, the Court cautions Plaintiff to also be mindful of the following in so doing: Eleventh Amendment immunity generally extends to state officials sued in their official capacities for retrospective relief; individual liability under 42 U.S.C. § 1983 requires allegations of personal involvement; the pleading standards for conspiracy claims require specific, non-conclusory allegations; equal protection claims require specific allegations of similarly situated individuals who were treated differently than the plaintiff; and illegal search and seizure claims require allegations of an unreasonable, non-consensual seizure.

### III. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendants' motion to dismiss (Dkt. No. 9) is **GRANTED;** and the Court further

**ORDERS** that Plaintiff's Complaint is **DISMISSED without prejudice;** and the Court further

**ORDERS** that Plaintiff may file an amended complaint within thirty (30) days of the date of this Memorandum–Decision and Order; and the Court further

**ORDERS** that, if Plaintiff does not timely file an amended complaint, the Clerk of the Court is instructed, without further order of the Court, to enter judgment for Defendants and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum–Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

**All Citations**

Not Reported in F.Supp.3d, 2014 WL 2611351

---

 © 2018 Thomson Reuters. No claim to original U.S. Government Works.

 © 2018 Thomson Reuters. No claim to original U.S. Government Works.

KeyCite Yellow Flag - Negative Treatment

Distinguished by Lynch v. Southampton Animal Shelter Foundation
Inc., E.D.N.Y., July 29, 2011

2008 WL 2397607
Only the Westlaw citation is currently available.
United States District Court,
E.D. New York.

Vittorio INFANTI and Infanti
International, Inc., Plaintiffs,

v.

George SCHARPF, individually, and as Chairman
of the Board of Directors and President &
CEO of Amboy National Bank a/k/a Amboy
Bancorporation; George Scharpf Holdings LLC;
Stanley Koreyva, Jr., individually, and as CFO
and Board member of Amboy National Bank a/
k/a Amboy Bancorporation and Senior V.P. of
Amboy National Bank; Amboy National Bank;
Elizabeth Kavlakian; EKI, LLC, a New Jersey
corporation; George Scharpf as Chairman
and Member of Board of Directors of A.N.B.; the Board
of Directors of Amboy National Bank; the Individual
Members of the Board of A.N.B.; Peter W. Davis,
Member of the Board of A.N.B., Defendants.

No. 06 CV 6552(ILG).
|
June 10, 2008.

**Attorneys and Law Firms**

Thomas L. Irwin, Esq., Thomas L. Irwin, P.A., Nutley,
NJ, for Plaintiffs.

Eugene Jr. Killian, Jr., Esq., Killian & Salisbury, P.C.,
Clark, NJ, for Defendant George Scharpf.

Dennis Thomas Kearney, Esq., Pitney Hardin Kipp &
Szuch, Morristown, NJ, for Defendants Stanley Koreyva,
Jr., Amboy National Bank, the Board of Directors of
Amboy National Bank, and Peter W. Davis.

*MEMORANDUM AND ORDER*

GLASSER, Senior District Judge.

*INTRODUCTION*

**\*1** On December 8, 2006, Plaintiffs Vittorio Infanti
("Infanti") and Infanti International Inc. ("Infanti
International") (collectively, "Plaintiffs") filed this action
against Defendants George Scharpf, George Scharpf
Holdings LLC, Stanley Koreyva, Jr., Amboy National
Bank ("Amboy"), Elizabeth Kavlakian, EKI, LLC
("EKI"), the Board of Directors of Amboy, and Peter
W. Davis (collectively, "Defendants"). From what the
Court can glean from the complaint, Plaintiffs allege
that Defendants tortiously interfered with the business
of Infanti International and defrauded Infanti by, *inter
alia,* conspiring to use Infanti International as a vehicle
through which Scharpf, the President of Amboy, and
Kavlakian, Infanti's now ex-wife, would acquire Plaintiffs'
customer list and divert funds in order to start their own
chair manufacturing business, EKI, and that their acts
were ratified by the members of the Board of Directors of
Amboy.

In response to the complaint, Amboy and Scharpf's
counsel sent letters to Plaintiffs' counsel demanding that
he withdraw the complaint for failure to comply with
Federal Rules of Civil Procedure 8 and 11. *See* Affidavit
of Helen A. Nau, dated January 3, 2007, Exs. F. &
G. Plaintiffs' counsel responded that the complaint was
well-pleaded and abided by the Rules. *Id.,* Exs. H & I.
Defendants Amboy and Scharpf now move this Court
for an order dismissing Plaintiffs' complaint for failure
to comply with Federal Rule of Civil Procedure 8 ("Rule
8"). [1]

[1]    Infanti earlier filed a similar complaint which spanned
       11 pages and consisted of 62 paragraphs and 8 counts
       against Scharpf, EKI, Koreyva, and Amboy. *Id.,* Ex.
       A. Infanti voluntarily dismissed this complaint after
       receiving letters similar to the ones described above
       from Amboy and Scharpf's counsel. *Id.,* Exs. B, C, &
       D.

*DISCUSSION*

*A. Standard*

Rule 8(a)(2) provides that a complaint "shall contain ... a
short and plain statement of the claim showing that the
pleader is entitled to relief .... " Rule 8(e)(1) provides that

"[e]ach averment of a pleading shall be simple, concise, and direct." The purpose of Rule 8 is to give the named defendant fair notice of the claims asserted against him so that he may file a responsive answer. *Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir.1988). "Beyond this, the rule serves to sharpen the issues to be litigated and to confine discovery and the presentation of evidence at trial within reasonable bounds." *Powell v. Marine Midland Bank,* 162 F.R.D. 15, 16 (N.D.N.Y.1995) (quotation omitted). Compliance with Rule 8 also allows courts to determine whether the doctrine of *res judicata* is applicable to the allegations in the complaint. *Id.* at 16.

A complaint should be short and precise because "unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Salahuddin,* 861 F.2d at 42 (quotation omitted). "Complaints which ramble, which needlessly speculate, accuse, and condemn, and which contain circuitous diatribes far removed from the heart of the claim do not comport with these goals and this system; such complaints must be dismissed." *Prezzi v. Berzak,* 57 F.R.D. 149, 151 (S.D.N.Y.1972). [2]

[2]    It is noteworthy that the Supreme Court recently decided that a plaintiff must allege enough factual matter in a complaint to render the allegations plausible on their face to survive a motion to dismiss. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, ----, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). Here, the prolix and rambling nature of the complaint prevents the Court from determining whether there exist "enough facts to state a claim to relief that is plausible on its face." *Id.*

**\*2** The Court has several options with respect to complaints in violation of Rule 8. The Court may strike any portions of the complaint it finds redundant or immaterial pursuant to Fed.R.Civ.P. 12(f), or it may dismiss the complaint in its entirety. *Salahuddin,* 861 F.2d at 42. Dismissal of a complaint in its entirety should be "reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Id.* It is also within the Court's discretion to grant leave to amend the complaint. *Id.* Because the Second Circuit has expressed a preference for adjudicating cases on their merits, it will generally find failure to grant leave to amend an abuse of discretion where the sole ground for dismissal

is that the complaint does not constitute a short and concise statement. *Id.*

### B. Analysis

It is plain that Plaintiffs' complaint fails to comply with Rule 8. The complaint is far from a short and concise statement of the facts and allegations. The complaint spans 90 pages, consists of 500 numbered paragraphs and 27 counts, and references 124 pages of exhibits, including charts offered by Plaintiffs to elucidate the relationships between Defendants and the alleged acts. That chaotic jumble drives the Court to exercise its discretion and dismiss the complaint in accordance with the Rule.

Over the course of these 500 paragraphs, Plaintiffs attempt to convey a tumultuous confusion of fraudulent schemes designed to steal Plaintiffs' customer base and goodwill in the chair manufacturing industry. The first 183 paragraphs, for example, which purport to detail the factual underpinnings of the complaint, consist of rambling accusations and moral condemnation of Defendants. The following two paragraphs are illustrative:

> The bank [sic] Board of Directors are wrong. Wrong without redemption unless it implements changes. To hold otherwise requires that the bank place a warning on its premises [sic] "Warning this bank may be dangerous to your monetary health[.]" Keep your wits about you, the banker you are speaking to may want to conspire with your wife to take over your business, or the business of your children. Beware, wear a banking hard hat in this area.

> Cigarettes have a warning on the packaging, must bank buildings also carry such warnings, when the public enters [Amboy] must parents tightly hold the hands of their children?

Compl. ¶¶ 62-63. [3] Defendants may be understandably hard put to respond to these "allegations" in any meaningful way, and requiring them to answer such a pleading would "fly in the face of the very purposes for which Rule 8 exists." *Lonesome v. Lebedeff,* 141 F.R.D. 397, 398 (E.D.N.Y.1992).

[3]    The following paragraph is another example of the complaint's long-winded and confusing allegations:

The Board should ask [sic] What right does the bank CFO have to bestow bank money upon the plaintiff Vittorio Infanti's 32 year old wife, while they are married? What Machievelian [sic] banking rule makes it ok to engage her in a conspiracy 13 monts [sic] into her marriage whereby she becomes "pres." of a corporation, named after her by the banks CEO? What banking beneficence dictates a reward to such a woman that she is given, at what ever [sic] price, a bank asset, one of the banks [sic] many mortgage assets underpinning the security of the entire bank, an asset whose cumulative presence provides commercial solace for the entire customer base? Where is it written that the bank foreclosure rules inure to the benefit of the CEO when he takes an appraised $5,000,000-property from Vittorio then keeps it in his [George Scharpf Holding's] wallet after paying $800K? Where is it written that it is OK to allow an [sic] [Infanti International's] alleged "Overdraft of $330,000-to be given when there is a $16,000,000-judgment, existing against the other plaintiff, etc etc etc. What part of the CFO's duties & the Boards [sic] oversight responsibilities allow for intentional ignorance of such circumstances. What part of banking sanity allows the bank in a recent matter to fail to file mortgages. What parts of the Banks [sic] Fire alarm System or its "Customer Fair Ethical Treatment System" has had its "copper piping" stolen by these CPA touting officers. Whether the Board must take, [sic] some blame. It must solve some basic problems, it must open the eyes,[ ] & remove the sand. The defendants [sic] actions are everyday including Sunday today Dec. 3,[ ] 2006. Compl. ¶ 58.

The counts also lump Defendants together without clearly linking specific wrongs to them individually. A complaint that "lump[s] all the defendants together and fail[s] to distinguish their conduct[,] ... fail[s] to give adequate notice to the [ ] defendants as to what they did wrong." *Appalachian Enters., Inc. v. ePayment Solutions Ltd.,* 01 CV 11502(GBD), 2004 WL 2813121, at *7 (S.D.N.Y. Dec. 8, 2004). "It is not the duty of ... [D]efendants or this Court to sift through the Complaint and guess which factual allegations support which claims. Rule 8(a) places the burden squarely upon the plaintiff to clearly and succinctly state its claims." *Discon Inc.,* 1992 WL 193683, at *16. Plaintiffs have resoundingly failed to do so.

**\*3** Plaintiffs' counsel, while admitting that the complaint is "not a thing of beauty," and not an appropriate forum for satire, nevertheless seeks to justify the length and complexity of the complaint as necessary to properly establish a framework for Plaintiffs' allegations of RICO conspiracy and fraud. Pl. Br. at 5. That attempt at justification is an exquisite manifestation of a failure to understand the essence of Rule 8. That "plaintiffs assert [ ] RICO claims does not justify [a] verbose complaint." *Pahmer v. Greenberg,* 926 F.Supp. 287, 294 n. 2 (E.D.N.Y.1996). "[A]lthough RICO complaints often might need to be somewhat longer than many complaints, RICO complaints must meet the requirements of Rule 8(a)(2) and Rule 8(e)(1)." *Roberto's Fruit Market, Inc. v. Schaffer,* 13 F.Supp.2d 390, 396 (E.D.N.Y.1998) (quoting *Pahmer,* 926 F.Supp. at 294 n. 2).[4] In response to Defendants' Rule 8 motion, Plaintiffs' counsel also suggests that striking paragraphs 54, 57, 63, 66, 90, 111, 135, 150, and 151, and counts 23 and 24, would cure the deficiencies in the complaint. However, even if the Court were to strike these paragraphs and counts, the remainder of the complaint would still suffer from the same infirmities that the Court noted above. It is the structure of the complaint as a whole that fails to provide Defendants notice of the precise allegations against them.[5]

4    Because Plaintiffs' complaint is in clear violation of Rule 8, the Court need not consider whether the complaint also violates Rule 9(b) with respect to the RICO claims for which Plaintiffs allege mail and wire fraud as predicate acts. The Rule 9(b) "heightened pleading standard is not an invitation to disregard[ ] Rule 8's requirement of simplicity, directness, and clarity." *McHenry v. Renne,* 84 F.3d 1172, 1178 (9th Cir.1996).

5    Plaintiffs' counsel also reasons that, because he encountered "[d]ifficulty in deciphering the facts of the case, over many months using interpreters, at times, to try to understand what plaintiff was saying," the length of the complaint should be excused. Pl. Br. at 4. The Court has little sympathy for Plaintiffs' counsel. Any difficulty counsel may have experienced interacting with his client does not excuse counsel's decision to draft the complaint in the manner he did.

     Plaintiffs' counsel also begs the Court to relax or dispense with the requirements of Rule 8 based on allegations that Defendants are currently engaged in criminal activity. *See* Pl. Br. at 13 (citing New

Jersey Court Rule 1:1-2). However, the Court is aware of no legal basis for relaxing the already lenient notice pleading requirements of Rule 8. Application of a New Jersey court rule of practice in this context would render meaningless the purposes that the federal pleading requirements were designed to address.

Because the Second Circuit has expressed a strong preference for adjudicating disputes on their merits, Plaintiffs should be afforded another opportunity to clearly and concisely present their allegations in a manner that will give both Defendants and the Court notice of their claims. The Court accordingly grants Plaintiffs leave to amend their complaint within 20 days of this Order with the admonition that scrupulous attention be paid to Rule 8 at the risk of dismissal if it is not.

## CONCLUSION

For the foregoing reasons, Defendants' motion is GRANTED, and Plaintiffs will be permitted to file an amended complaint within 20 days of this Order.

SO ORDERED.

**All Citations**

Not Reported in F.Supp.2d, 2008 WL 2397607

---

**End of Document**

© 2018 Thomson Reuters. No claim to original U.S. Government Works.

2009 WL 1032857
Only the Westlaw citation is currently available.
United States District Court,
W.D. New York.

Elijah BELL,

v.

LASACELI, et all, Defendants.

No. 08–CV–0278A.
|
April 15, 2009.

**Attorneys and Law Firms**

Elijah Bell, Napanoch, NY, pro se.

DECISION AND ORDER

DAVID G. LARIMERM, District Judge.

## *INTRODUCTION*

 **\*1** Plaintiff, Elijah Bell, currently an inmate at the
Eastern Correctional Facility, who at the time of the
events alleged in this action was an inmate at the Wende
Correctional Facility, filed this *pro se* action seeking relief
under 42 U.S.C. § 1983 (Docket No. 1) and the Americans
with Disabilities Act, 42 U.S.C. 12131 *et seq .,* and was
granted permission to proceed *in forma pauperis.* (Docket
No.3).

Upon review of the original Complaint (Docket No. 1),
pursuant to 28 U.S.C. § 1915e(2)(B) and 1915A, the
Court found that, based on the manner in which the
complaint was written, it was virtually impossible to read
and understand and to determine whether the Plaintiff
stated a claim upon which relief could be granted against
any of the Defendants. The Court therefore directed
Plaintiff to file an Amended Complaint that was legible
and complied with Rules 8 and 10 of the Federal Rules
of Civil Procedure, and logically and coherently set forth
the factual bases of his claims. The Plaintiff was placed
on notice that his failure to file an amended complaint
as directed—*i.e.,* legibly and in compliance with Rules
8 and 10—, would result in the dismissal of this action
pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A. (Docket
No. 3, Order) (citing *Simmons v. Abruzzo,* 49 F.3d 83, 88

(2d Cir.1995); *Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d
Cir.1988)).

Plaintiff filed a First Amended Complaint (Docket No. 4),
which "completely ignored in all respects the instructions
and directions provided in the Court's initial Order
(Docket No. 3) and was twice as lengthy (at least two
to three inches thick and un-paginated) and, again,
mostly illegible and indiscernible." (Docket No. 8, Order
at 2). The Court, rather than dismissing the Amended
Complaint, pursuant to 28 U.S.C. § 1915e(2)(B) and
1915A, for again failing to comply with Rule 8's "short
and plain statement" rule, opted to provide the Plaintiff
with an additional opportunity to amend his complaint
to ameliorate its deficiencies and attempt to state a claim
upon which relief could be granted. (Docket No. 8, Order
at 3). *See Sealed Plaintiff v. Sealed Defendant,* 537 F.3d
185 (2d Cir.2008) (stating that *pro se* litigants' complaints
should be viewed liberally and that said litigants should
be given the chance to amend their complaints as needed).
The Court again directed that the Plaintiff's next (Second)
Amended Complaint must comply with Rules 8 and 10
and set forth a short and plain statement of the claims
against the Defendants. (Docket No. 8, Order).

## *SECOND AMENDED COMPLAINT*

Plaintiff has now filed a Second Amended Complaint
(Docket No. 9), which, among other deficiencies, is prolix
and mostly unintelligible. It is over 200 pages—100 plus
pages longer than the First Amended Complaint—and
purports to allege, as best the Court can discern, that the
Defendants—employees and officials of the New York
State Department of Correctional Services ("DOCS")—
violated his constitutional rights stemming from a whole
host of complaints or grievances by way of "harassment,
retaliations, discriminations, assaults...." The Second
Amended Complaint names forty-two Defendants, and is
an inordinately lengthy, impenetrable wall of convoluted
dates and grievances. To the extent the Court can even
read and understand it, the Second Amended Complaint
seems to allege that Plaintiff's mail, grievances, and
grievance appeals are stolen and thrown away once he
places them in the proper mailbox in retaliation for his
recurring grievances against the staff at Wende.

 **\*2** Moreover, despite heeding the Court's directions to
paginate the complaint, and include separate paragraphs

and relevant dates, the sheer volume and lack of any logical or coherent organization of the Second Amended Complaint makes it, in the Court's opinion, simply impossible for either the Defendants or the Court to discern what the claims are.[1] *See Salahuddin,* 861 F.2d at 42 (The purpose of Rule 8's "short and plain statement" rule is to provide defendant with fair notice of the claims against him and to enable him to answer the complaint and prepare for trial). A complaint fails to comply with Rule 8(a)(2) if it is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin,* 861 F.2d at 42. The Second Amended Complaint (Docket No. 9) certainly fits this criteria, even more so than the first two complaints.

[1]    For example, Plaintiff will often claim that his grievances concern the "same old discriminations and lies" made by Correctional Officers at the prison, yet, as far as the Court can determine, never signifies what the specific "lies" are.

While a court cannot dismiss a *pro se* complaint based solely on the plaintiff's failure to follow a court's specific instructions as to the complaint's "content and format," *Sealed Plaintiff,* 537 F.3d 185 at 191, it must be noted that the Second Amended Complaint (Docket No. 9), again, and emphatically fails to correct any of the fatal flaws of the original and First Amended Complaint. All it does is add page numbers and paragraphs, and provide a litany of dates for each of the over two hundred complaints and grievances made by Plaintiff against the staff at Wende. The Second Amended Complaint, after two earlier failed attempts, remains a continuous and unending stream of mostly illegible and unitelligible writing that the Court is simply unable to decipher or to make any real sense of.[2]

[2]    As addressed below, Plaintiff is no stranger to the litigation process, and just recently in an action filed in the Northern District of New York Plaintiff was, like here, directed to file an amended complaint on the basis that the original complaint was
       nearly illegible ... and [did] not set forth a short and plain statement of the relief of the facts ... but, rather, [was] a listing of more than thirty grievances [plaintiff] filed at Eastern Correctional Facility since his arrival there on July 15, 2008 ... Notwithstanding the Court's careful review of these pleadings, which are exceedingly difficult to read, it is impossible for the Court to determine if plaintiff can state a

claim against each of the named defendants for the violation of his constitutional or statutory rights.
*Bell v. Fischer, Commissioner, et al.,* 9:09–CV–0008 (LEK) (Docket No. 7, Order, at 4). The Court also notes in said Order that several of plaintiff's grievances relate to his "mail being picked up by staff "while light off." (*Id.* at 4, n. 2). Some of the grievances set forth in the instant matter relate to the staff taking Plaintiff's mail and the lights being turned off.

Because the Second Amended Complaint again, after two previous attempts, fails to even remotely comply with Rule 8's short and plain statement rule, his complaint must dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A. *See Simmons,* 49 F.3d at 88; *Salahuddin,* 861 F.2d at 42.

It is well within a district court's discretion to deny leave to amend a prolix complaint if it is so voluminous and incomprehensible that no claims can be gleaned from it. *See Jones v. National Communications and Surveillance Networks,* No. 06–CV–1220, 266 Fed.Appx.31, 2008 WL 482599 (2d Cir.2008) (Summary Order) (stating that dismissing, pursuant to Rule 8, a plaintiff's 58 page, single-spaced complaint with 87 pages of attachments, alleging over twenty separate causes of action against more than 40 defendants was not an abuse of discretion). Plaintiff's Second Amended Complaint is similarly lengthy and rambling. *See also In re Merrill Lynch & Co., Inc. .,* 218 F.R.D. 76, 77–78 (S.D.N.Y.2003) ("When a complaint is not short and plain, or its averments are not concise and direct, 'the district court has the power, on motion or *sua sponte,*' to dismiss the complaint or to strike such parts as are redundant or immaterial.' ") (quoting *Simmons,* 49 F.3d at 86).

   **\*3**  Again, while the Court is fully cognizant that "the dismissal of a *pro se* claim as insufficiently pled is appropriate only in the most unsustainable of cases[,]" *Boykin v. KeyCorp.,* 521 F.3d 202, 216 (2d Cir.2008), Plaintiff has been afforded two opportunities to amend his complaint and his most recent effort falls even further short of meeting Rule 8's pleading requirements than his earlier ones. Accordingly, the Second Amended Complaint must be dismissed. *See Higgins v. Plumbers and Gas Fitters, Local Union No. 1,* 08–CV–2521 (RRM)(LB), 2008 U.S. Dist. LEXIS 76610, at \*3 (E.D.N.Y., Sept. 18, 2008).

## MATERIAL MISREPRESENTATIONS

In addition to the issues discussed above related to Plaintiff's repeated failures to present a coherent, logical and understandable pleading, Plaintiff made a fatal error in all three complaints, subjecting this action to dismissal pursuant to Fed.R.Civ.P. 11. All three complaints submitted by plaintiff (Docket Nos. 1, 4 and 9), make materially false representations regarding Plaintiff's litigation history. Section 4B of the form complaint Plaintiff had utilized for all three complaints in this action, asked Plaintiff: "Have you begun any other lawsuits in federal court which relate to your imprisonment?." Plaintiff answered "no" to this question each time. This answer is utterly and totally false.

While not mentioned by the Court in its first two Orders issued in this action, upon further review it has come to the Court's attention through its use of DOCS' Inmate Locator (http:// nysdocslookup.docs.state.ny.us/ GCA00P00/WIQ3/WINQ130) and the PACER electronic database, U.S. Party/Case Index (https:// pacer.uspi.uscourts.gov/cgi-bin/dquery.pl), that Plaintiff, Elijah Bell, has had three different DIN numbers (Department Identification Numbers) assigned to him during three different periods of incarceration and has filed *at least* eight other cases in the United States District Courts in New York from 1989 until the filing of this action.[3] It should also be noted also that two of these cases were dismissed pursuant to U.S.C. § 1915(d), the predecessor to 28 U.S.C. § 1915(e), for failure to state a claim, as well as two others for failure to prosecute under Fed.R.Civ.P. 41(b).

[3] The following cases were filed while plaintiff was incarcerated by DOCS under DIN Number 94–A–5230: *Bell v. New York City Dept. of Corr.,* 94–CV–06562 (TPG); *Bell v. Officer, Female,* 94–CV–06478 (TPG); *Bell v. Rosario,* 94–CV–04593 (KMW) (NRB); *Bell v. New York City Dept. of Corr.,* 94–CV–05137 (RWS); *and Bell v. Warden, O.B.C.C. Corr. Fac.,* 94–CV–06125 (KMW). The following case was filed while plaintiff was incarcerated by DOCS under DIN Number 05–A–1436: *Bell v. Coughlin,* 89–CV–01403 (RJA). The other two were filed presumably while Plaintiff was detained in a Local Jail under identification number 4410101699: *Bell v. Captain William,* 01–CV–08712 (MBM); and *Bell v. Captain William,* 01–CV–06656 (JG) (LB).

The Docket Sheets in each of these cases note the DIN number of the plaintiff and the DIN numbers match the DIN numbers assigned to Elijah Bell by DOCS as noted on the New York State Department of Correctional Services Website.

Generally, information about a *pro se* litigant's previous cases is material since it allows the Court to review any one the following issues: (1) if any of the issues in the current case had been previously litigated and decided, (2) if the plaintiff had, prior to being granted in forma pauperis status, garnered "three strikes" for purposes of 28 U.S.C. § 1915(g), (3) if plaintiff has a record of frivolous litigation sufficient to warrant a "bar order" (an order preventing plaintiff from litigating further in that court without first meeting certain preconditions), and (4) if the plaintiff's litigation experience is so extraordinary that it dispenses of the need to afford him the full measure of special solicitude that is normally otherwise afforded to *pro se* litigants due to their inexperience in legal matters. *See Ifill v. Patterson, et al.,* 9:08–CV–1022 (GLS)(GHL) (Docket No. 4, Order and Report and Recommendation (N.D.N.Y., October 9, 2008).

**\*4** While answering question 4B on the Form Complaint is not necessary to state a claim, Plaintiff, on three separate occasions, answered the question falsely and "swore" to the answer's truthfulness in each complaint. *See* Fed.R.Civ.P. 11. Such a prevarication is an inexcusable misrepresentation to the Court and, in similar circumstances, other district courts have had no reservations about sanctioning *pro se* litigants for making such false statements.[4] Because Plaintiff has repeatedly misrepresented his litigation history to the Court—a significant one at that—, the Court finds that he has violated Fed.R.Civ.P. 11 and, therefore, this action will be dismissed, in the alternative, on that basis.

[4] *See, e.g., Crum v. Dodrill,* 06–CV–0586, 2008 WL 2357074, at *10 (N.D.N.Y. June 4, 2008) (Hurd, J., adopting, on *de novo* review, Report–Recommendation premised on alternative ground that the plaintiff should be sanctioned for making a material misrepresentation to the Court in his complaint); *McChud v. Tureglio,* 07–CV–0650, 2008 WL 1772305, at *16 (N.D.N.Y. Apr.15, 2008) (Mordue, C.J., adopting, on plain-error review, Report–Recommendation premised on alternative ground that the plaintiff should be sanctioned for making a material misrepresentation to the Court in his complaint); *Johnson v. Connolly,* 07–CV–

0158, 2008 WL 724167, at *12 (N.D.N.Y. March 17, 2008) (Kahn, J., adopting, on *de novo* review, Report–Recommendation premised on alternative ground that the plaintiff should be sanctioned for making a material misrepresentation to the Court in his complaint); *Standley v. Dennison,* 05–CV–1033, 2007 WL 2406909, at *13–14 (N.D.N.Y. Aug.21, 2007) (Sharpe, J., adopting, on *de novo* review, Report–Recommendation premised on alternative ground that the plaintiff should be sanctioned for making a material misrepresentation to the Court in his complaint); *Muniz v. Goord,* 04–CV–0479, 2007 WL 2027912, at *6, n. 32 (N.D.N.Y. July 11, 2007) (McAvoy, J., adopting, on plain-error review, Report–Recommendation premised on alternative ground that the plaintiff should be sanctioned for making a material misrepresentation to the Court in his complaint) (collecting cases). *See also Greer v. Schriro,* No. 06–15537, 2007 WL 4163413, at *1 (9th Cir. Nov.26, 2007) (affirming district court dismissal that was based on this ground); *Mathis v. Smith,* No. 05–13124, 181 Fed. Appx 808, 809–10 (11th Cir. May 17, 2006) (affirming district court dismissal that was based partially on this ground); *Hood v. Tompkins,* No. 05–16358, 197 Fed. Appx 818, 819 (11th Cir. Aug.7, 2006) (affirming district court dismissal on this ground); *Hudson v. Fuller,* No. 02–1396, 59 Fed. Appx 855, 856–57 (7th Cir. Feb.25, 2003) (affirming district court dismissal that was based on this ground); *Albright v. Holden,* 99 F.3d 1145 (9th Cir.1996) (affirming district court th dismissal that was based on this ground); *accord, Dinkins v. Smalley,* 07–CV–0043, 2008 WL 160699, at *3, n. 3 (S.D.Ga. Jan, 14, 2008) (adopting, on *de novo* review, magistrate judge's recommendation that plaintiffs complaint should be dismissed on this ground) (citing cases).

### *CONCLUSION*

For the reasons set forth above, Plaintiff's Second Amended Complaint (Docket No. 9) is dismissed pursuant to 28 U.S.C. § 1915(e) (2)(B) and 1915A. In the alternative, the Second Amended Complaint is dismissed on the basis that Plaintiff made repeated misrepresentations to the Court related to his prior litigation history.

Plaintiff is forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. *See* 28 U.S.C. § 1915(g).

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States,* 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21(1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

### *ORDER*

IT HEREBY IS ORDERED that this action is dismissed with prejudice; and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

IT IS SO ORDERED.

### All Citations

Not Reported in F.Supp.2d, 2009 WL 1032857

---

© 2018 Thomson Reuters. No claim to original U.S. Government Works.